Brent R. Cohen, Wyo. Bar No. 5-2008
Chad S. Caby, Wyo. Bar No. 7-5457
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1200 17th Street, Suite 3000
Denver, CO  80202-5855
Phone:    303.623.9000
Fax:       303.623.9222
Email:    bcohen@lrrc.com
             ccaby@lrrc.com

*Attorneys for PricewaterhouseCoopers Inc.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF WYOMING**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 15 |
| TARTAN CONTROLS CORP., ) | |
| ) | Case No. _____ |
| Debtor in Foreign Proceeding. ) | |

**PETITION FOR RECOGNITION AS FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1515 AND 1517 OF THE UNITED STATES BANKRUPTCY CODE AND RELATED RELIEF**

PricewaterhouseCoopers Inc. ("PWC"), as the court-appointed receiver (the "Receiver") and authorized foreign representative of Tartan Controls Corp. ("Tartan Corp.") in the proceeding pending in the Court of Queen's Bench of Alberta, Canada (the "Canadian Proceeding") under the Bankruptcy and Insolvency Act, by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, respectfully files the official form petition and this petition (together, the "Petition") pursuant to Section 1515 of Title 11 of the United States Code (the "Bankruptcy Code") for entry of an order recognizing the Canadian Proceeding as a foreign main proceeding pursuant to Section 1517 of the Bankruptcy Code, thereby granting related relief pursuant to Section 1520 of the Bankruptcy Code and additional relief pursuant to Section 1521 of the Bankruptcy Code.  In the alternative, should the Court fail to recognize the Canadian Proceeding as a foreign main proceeding (either in whole or in part), the Receiver seeks

recognition of the Canadian Proceeding as a foreign nonmain proceeding, as defined in Section 1502(b) of the Bankruptcy Code, and seeks additional relief available under Section 1521 of the Bankruptcy Code.

## **JURISDICTION AND VENUE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b) and 11 U.S.C. §§ 109 and 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. § 1410(1).

## **BACKGROUND**[1]

### I.     The Structure and General Operations of Tartan Corp.

1.     The party authorized to act in the Canadian Proceeding and under Chapter 15 of the Bankruptcy Code is the Receiver.

2.     Prior to entry of the Receivership Order, certain Tartan entities, including Tartan Controls Inc. ("TI"), provided engineering, manufacturing, and services related to down-hole drilling tools in the western Canadian oil and gas market. Tartan Corp. is a Wyoming registered corporation and a wholly owned subsidiary of TI. On information and belief, Tartan Corp. was created by TI as a way to extend its service and infrastructure into the United States, including North Dakota, Wyoming, and Colorado.

### II.    Events Leading to the Commencement of the Canadian Proceeding

3.     Beginning in 2010, The Toronto-Dominion Bank ("Bank") established a secured lending relationship with TI (the "Credit Facilities"). The most recent credit agreement with TI

---

[1] The facts stated in this Petition are supported by the Declaration of Andrew Burnett in Support of: (I) Petition for Recognition as a Foreign Main Proceeding; and (II) Application for Order to Show Cause with Temporary Restraining Order and Preliminary Injunctive Relief (the "Burnett Declaration"), attached and incorporated herein as **Exhibit 1**.

is dated April 28, 2015, as further amended by agreements dated June 19, 2015, October 28, 2015, April 18, 2016 and April 29, 2016 (collectively, the "Credit Agreement"). The Credit Facilities were secured by various security agreements and guaranties. Tartan Corp. is a guarantor of the obligations represented by the Credit Facilities by virtue of its execution of an Unlimited Guarantee and Postponement in favor of Bank, jointly and severally guaranteeing the indebtedness and liabilities of TI.

4. In July, 2016, Bank demanded payment from various Tartan entities, including Tartan Corp. Bank issued demand letters to Tartan Corp. for the repayment of the indebtedness represented by the Credit Agreement and Notices of Intention to Enforce Security pursuant to Section 244 of the *Bankruptcy and Insolvency Act (Canada)*. Based on the foregoing, the decision was made to seek appointment of a receiver in order to protect Bank's collateral in Canada and the United States.

## III. The Canadian Proceeding

5. The *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3 (the "BIA") allows for the appointment of receivers in Canada. The BIA is a federal statute that governs a number of different insolvency proceedings to which individuals and corporations are subject, including bankruptcies, proposals and receiverships. In this case, the BIA provides the jurisdictional basis for the Canadian Court to grant an order appointing a Receiver over all of the assets and undertakings of Tartan Corp.

6. On September 16, 2016, Bank, as Plaintiff, filed an Application by Plaintiff seeking the appointment of a Receiver in the Court of Queen's Bench of Alberta, Judicial Centre of Edmonton (the "Canadian Court"), Court File No. 1603 16074 (the "Application"). Tartan

Corp. is named as a Defendant in the Application. A Receivership Order was entered in the Canadian Court on September 28, 2016, a copy of which is attached hereto as **Exhibit 2.**

7. Additionally, on December 19, 2016 the Receiver took the legal step of having TI make a voluntary assignment into bankruptcy (the "Canadian Bankruptcy") under and pursuant to the BIA. In the Canadian Bankruptcy, the Receiver was appointed as Trustee on that date. These appointments as Receiver and Trustee are complementary. The Receiver remains the officer of the court to deal with the assets of TI and Tartan Corp. The Trustee's role is primarily administrative.

8. Pursuant to the Receivership Order, a stay is in place in Canada which prohibits any proceeding or enforcement process against Tartan Corp. or its assets. *See* Exhibit 2, ¶ 8. Further, all rights and remedies of any entity, whether judicial or extra-judicial, are stayed and suspended against Tartan Corp. and its assets. *Id.* The Canadian Court appointed PWC as the Receiver. *Id.* at ¶ 2. The Receiver's role in the Canadian Proceeding is to take possession and to preserve all property of Tartan Corp., and Tartan Corp. is obligated to cooperate with the Receiver in this respect. *Id.* at ¶¶ 4-5.

9. The Receivership Order also requests "the aid and recognition of any court . . . to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order." *Id.* at ¶ 28. The Receivership Order also specifies that "the Receiver shall be authorized to apply as it may consider necessary and appropriate or desirable, with or without notice, to any other court or administrative body, whether in Canada, the United States of America or elsewhere, for orders which aid and complement the Order and any subsequent orders of this Court and, without limitation to the foregoing, an order under Chapter 15 of the *U.S. Bankruptcy Code,* for which the Receiver shall be the foreign representative of the Debtor." *Id.* at ¶ 29.

**IV.     The Receiver's Intended Actions**

10.     The Receiver intends to liquidate all assets of Tartan Corp. for the benefit of its creditors.

**V.      The Chapter 15 Case**

11.     Concurrently with filing this Application, the Receiver filed the Petition in order to recognize the Canadian Proceeding as a foreign main proceeding.  By filing the Petition, the Receiver wishes to obtain relief in substantially the same form provided in the Canadian Proceeding, and to allow for the proper and necessary communication and coordination between the Canadian Proceeding and this case to ensure the orderly, fair, and efficient restructuring or liquidation of Tartan Corp.

## RELIEF REQUESTED

12.     The Receiver hereby respectfully requests that this Court enter an order pursuant to Sections 105, 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the proposed order attached hereto (the "Proposed Order"), providing the following relief:

- Recognition of the Canadian Proceeding as a foreign main proceeding as defined in Section 1502(4) of the Bankruptcy Code;

- Granting to the Receiver the relief afforded under Section 1520 of the Bankruptcy Code as is provided by right upon the recognition of the Canadian Proceeding as a foreign main proceeding;

- Granting further additional relief as authorized by Section 1521 of the Bankruptcy Code including, without limitation:

  o  Staying the commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of Tartan Corp., including any action or proceeding against PWC in its capacity as Receiver of Tartan Corp., to the extent not stayed under Section 1520(a) of the Bankruptcy Code;

  o  Staying execution against the assets of Tartan Corp. to the extent not stayed under Section 1520(a) of the Bankruptcy Code;

- o Suspending the right to transfer or otherwise dispose of any assets of Tartan Corp. to the extent not suspended under Section 1520(a) of the Bankruptcy Code by any person or entity other than the Receiver unless authorized in writing by the Receiver or by Order of this Court;

- o Providing for the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Tartan Corp., and finding that such information is required in the Canadian Proceedings under the law of the United States; and

- o Entrusting the administration or realization of all or part of the assets of Tartan Corp. within the territorial jurisdiction of the United States to the Receiver;

- Otherwise granting comity to and giving full force and effect to the Canadian Proceeding; and

- Awarding the Receiver such other and further relief as this Court deems just and appropriate.

13. The Receiver respectfully submits that the Canadian Proceeding should be recognized as a foreign main proceeding as defined in Section 1502(4) of the Bankruptcy Code. If, however, the Court determines the Canadian Proceeding is not a foreign main proceeding (either in whole or in part), the Receiver seeks recognition of the Canadian Proceeding as a foreign nonmain proceeding, as defined in Section 1502(5) of the Bankruptcy Code, and requests that the Court grant the relief requested above pursuant to Section 1521 of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

### VI. Statutory Authority

14. The rapid increase in cross-border insolvencies over the last decade has spawned multiple efforts by insolvency organizations and the international community to devise better legal frameworks for addressing these cross-border insolvencies. Aaron L. Hammer and Matthew E. McClintock, *Understanding Chapter 15 of the United States Bankruptcy Code: Everything You Need to Know About Cross-Border Insolvency Legislation in the United States*,

LAW AND BUSINESS REVIEW OF THE AMERICAS, Spring 2008. In response, Congress enacted Chapter 15 of the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

15. Chapter 15 incorporates the Model Law on Cross-Border Insolvency (the "Model Law") promulgated by the United Nations Commission on International Trade Law ("UNCITRAL"). 11 U.S.C. § 1501(a). It is intended to promote "cooperation between the United States courts, trustees, examiners, debtors and debtors in possession and the courts and other competent authorities of foreign countries; greater legal certainty for trade and investment; fair and efficient administration of cross-border insolvencies that protects the interests of all creditors and other interested entities, including the debtor; the protection and maximization of the debtor's assets; and the facilitation of the rescue of financially troubled businesses." *In re Oversight & Control Comm'n of Avanzit, S.A.,* 385 B.R. 525, 532 (Bankr. S.D.N.Y. 2008) (*quoting In re Bear Stearns High-Grade Structured Credit Strategies Master Fund*, 374 B.R. 122, 126 (Bankr. S.D.N.Y. 2007)).

16. A Chapter 15 case is commenced when a foreign representative files a petition for recognition of a foreign proceeding under 11 U.S.C. § 1515; *Avanzit*, 385 B.R. at 532. The petition must be accompanied by certain documentary evidence, which the court may presume to be authentic. 11 U.S.C. § 1516(b). The Court must grant the request for recognition if it finds:

(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502;

(2) the foreign representative applying for recognition is a person or body; and

(3) the petition meets the requirements of section 1515.

11 U.S.C. § 1517(a).

17. A decision or certificate from a foreign court indicating the foreign proceeding is a "foreign proceeding," as defined in section 101(23) of the Bankruptcy Code, is presumptively correct. 11 U.S.C. § 1516(a). Similarly, a decision or certificate from a foreign court indicating that the foreign representative is a "foreign representative," as defined in section 101(24), is presumptively correct. *Id.*

### VII. The Canadian Proceeding is a Pending "Foreign Proceeding"

18. "Foreign proceeding" is defined in the Bankruptcy Code as "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt, in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." 11 U.S.C. § 101(23).

19. The Canadian Proceeding falls squarely within the definition of "foreign proceeding." Prior to the passage of Chapter 15, United States courts recognized cases filed under the BIA to be "relating to insolvency." *See In re Chiang,* 437 B.R. 39 (Bankr. C.D. Calif. 2010). Moreover, since the passage of Chapter 15, cases filed under Canadian insolvency law have consistently been recognized as "foreign proceedings." *See, e.g., In re Nortel Networks, Inc.*, 469 B.R. 478, 487 (Bankr. D. Del. 2012) (the Court entered an Order recognizing a proceeding under the Canada's reorganization statute was a foreign main proceeding under chapter 15 of the Bankruptcy Code); *In re Metcalfe & Mansfield Alternative Invs.*, 421 B.R. 685, 688 (Bankr. S.D.N.Y. 2010) ("It is clear that the Canadian Proceeding should be recognized as a foreign main proceeding."); *In re Gandi Innovations Holdings, LLC*, 09-51782-C, 2009 WL 2916908 (Bankr. W.D. Tex. June 5, 2009) (unpublished disposition) (Canadian proceeding "is a

foreign proceeding entitled to recognition under Chapter 15 of the Code."); *In re Quebecor World Inc.*, Case No. 08-13814 (Bankr. S.D.N.Y. 2008).

**VIII.  The Receiver is a "Foreign Representative"**

20. Section 101(24) of the Bankruptcy Code defines "foreign representative" as "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."

21. The Receiver may serve as the "foreign representative" because it constitutes a "person or body." "Person" is defined under Section 101(41) of the Bankruptcy Code to include an individual, partnership or corporation. Because the Receiver is an incorporated entity, it therefore qualifies as a "person" and can accordingly serve as a "foreign representative." Moreover, PWC has been recognized by previous courts as a proper "foreign representative." *See, e.g., In re PricewaterhouseCoopers Inc.*, 03-11652(MFW), 2004 WL 1041541 (Bankr. D. Del. Apr. 13, 2004) (unpublished disposition); the court's; *In re Blackwell*, 263 B.R. 505, 506 (W.D. Tex. 2000). Additionally, the Receiver has been authorized in the Canadian Proceeding to act as Tartan Corp.'s foreign representative. The Receivership Order specifically states that "the Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order. . . ." (Exhibit 2, ¶¶ 28-29). The Court is therefore entitled to presume that the Receiver is a proper "foreign representative." *See* 11 U.S.C. § 1516(b).

## IX. The Canadian Proceeding Should be Recognized as a Foreign Main Proceeding Because Canada is the Location of Tartan Corp.'s Center of Main Interests

22. A foreign proceeding shall be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has the center of its main interests. 11 U.S.C. § 1517(b). The term "center of main interests" ("COMI") is not defined in the Bankruptcy Code. COMI, however, has been equated with a debtor's principal place of business. *See Bear Stearns*, 374 B.R. at 129 (citing *In re Tri-Continental Exch. Ltd.*, 349 B.R. 627, 633-34 (E.D. Calif. 2006)).

### A. The COMI of Tartan Corp. is Presumed to be Canada Because That is the Location of its Registered Office

23. In the absence of evidence to the contrary, a debtor's registered office is presumed to be the debtor's COMI. 11 U.S.C. § 1516(c); *see also In re Klytie's Devs., Inc.*, 383 B.R. 773, 780 (Bankr. D. Colo. 2008); *In re ABC Learning Centres Ltd.*, 445 B.R. 318, 333 (Bankr. D. Del. 2010) (citing *In re Tri-Continental Exch. Ltd.*, 349 B.R. 627, 635 (Bankr. E.D. Cal. 2006)). In effect, the registered office – or place of incorporation – is evidence that is probative of, and that may be a proxy for, COMI in the absence of other evidence. *Tri-Continental Exch.*, 349 B.R. at 635. The legislative history of Section 1516(c) of the Bankruptcy Code explains that "presumption that the place of the registered office is also the center of the debtor's main interest is included for speed and convenience of proof where there is no serious controversy." *Bear Stearns*, 374 B.R. at 128 (citing H.R. Rep. No. 31, 109th Cong., 1st Sess. 1516 (2005)). This presumption permits and encourages fast action in cases where speed may be essential, while leaving the debtor's true "center" open to dispute in cases where the facts are more doubtful. *Id.* In fact, the "UNCITRAL Guide to enactment of the Model Law on Cross-Border Insolvency . . . specifically counsels against considerations of factors other than the location of the debtor's COMI." *In re Bear Stearns High-Grade Structured Credit Strategies*, 389 B.R. 325, 331-332 (S.D.N.Y.)

24. As previously noted, the parent of Tartan Corp., TI, was formed under the laws of Alberta, Canada and has its principal place of business in Edmonton, Alberta, Canada.

**B.     The COMI of Tartan Corp is Located in Canada Based Upon the Additional COMI Factors**

25. The fact that Tartan Corp.'s COMI is located in Canada is also supported by additional factors. Courts have identified five factors that are helpful in determining a debtor's COMI: (1) the location of those who manage the debtor (which could be the headquarters of a holding company); (2) the location of the debtor; (3) the location of the debtor's primary assets; (4) the location of the majority of the debtor's creditors or the majority of creditors affected by the case; and (5) the jurisdiction whose law would apply to most disputes. *See In re Klytie's Devs., Inc.*, 383 B.R. at 779; *In re SPhinX*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006); *see also ABC Learning*, 445 B.R. at 333.

26. In the present matter, these factors point to Canada as Tartan Corp.'s COMI. The first factor, the location of those who manage the debtor, heavily favors Canada as the debtor's COMI. Tartan Corp.'s corporate operations are based almost entirely in Edmonton. Physical board meetings were held in Canada. All high level and substantial business and strategic decisions were made in Canada. At present, the Receiver, a Canadian entity appointed by the Canadian Court, is in exclusive control of TI's and Tartan Corp.'s operations and property.

27. The four remaining factors also indicate that Tartan Corp.'s COMI is in Canada. With respect to the location of the debtor, the main office for TI is in Edmonton, Alberta. As to the location of the debtor's assets, this factor also favors Canada, as TI owns all of the equity interests in Tartan Corp. Cash management was also conducted in Canada and all "mind and management" is from principals of TI in Edmonton.

28.     The location of the creditors also favors Canada.  The Canadian creditors' claims total approximately $1,024,000, whereas the U.S. creditors' claims total only approximately $194,000.

29.     The final factor, the jurisdictional law governing most disputes, also results in a clear COMI, as various disputes would be mostly governed by Canadian, U.S. or other countries' laws.

30.     Based upon the foregoing, the COMI factors conclusively establish Canada as the COMI for Tartan Corp.  The Receiver accordingly requests that the Canadian Proceeding be recognized as a foreign main proceeding. *See Klytie's Devs., Inc.*, 383 B.R. at 781 (finding COMI in Canada notwithstanding the fact that two standards – the location of the debtor's creditors and applicable law – yielded inconclusive results).

## X.     Alternatively, the Canadian Proceeding Should Be Recognized As a Foreign Nonmain Proceeding

31.     In the event this Court does not recognize the Canadian Proceeding as a foreign main proceeding, the Receiver submits that the Canadian Proceeding should be recognized as a foreign nonmain proceeding.

32.     The Canadian Proceeding shall be recognized as a foreign nonmain proceeding if Tartan Corp. has an establishment in Canada.  11 U.S.C. § 1517(b)(2).  "Establishment" is defined as any place of operations where the debtor carries out a nontransitory economic activity. 11 U.S.C. § 1502(2).  When it is apparent that an entity conducts operations in the country where a foreign proceeding is pending, Courts will recognize the proceeding as a foreign nonmain proceeding if foreign main proceeding recognition is denied.  *See e.g., SPhinX*, 351 B.R. at 122. Based upon the facts previously set forth, Tartan Corp. clearly holds an "establishment" in

Canada, and therefore the Receiver alternatively submits that recognition as a foreign nonmain proceeding is warranted.

33. In the event that the Court finds that the Canadian Proceeding is a foreign nonmain proceeding, the relief requested herein is still appropriate because the relief is discretionary. *See* 11 U.S.C. § 1521 ("Upon recognition of a foreign proceeding, whether main or nonmain . . . the court may, at the request of the foreign representative, grant any appropriate relief . . . .") The Receiver submits that the Court should exercise its discretion in this matter to assure an economical, expeditious, and equitable administration of Tartan Corp.'s estate. Without such relief, Tartan Corp. will be exposed to the risk of litigation and other actions against the estate, its assets and the Receiver in the United States, which would result in a "race to the courthouse" among creditors and other parties in interest, and thus threaten Tartan Corp.'s reorganization efforts.

## HEARING DATE AND NOTICE

34. The Receiver respectfully requests that this Court set the date and time for a hearing on the Petition pursuant to Section 1517(a) and (c) of the Bankruptcy Code. If no objections to this Petition are filed by the date ordered for such objections, the Receiver requests that the Court enter the Proposed Order recognizing the Canadian Proceeding as a foreign main proceeding, without a hearing.

35. The Receiver proposes that, once a hearing date (the "Hearing Date") has been scheduled by the Court, notice will be given in accordance with Rule 2002(q) of the Bankruptcy Rules.

## **CONCLUSION**

36. The Receiver respectfully requests that this Court recognize the Canadian Proceeding as a foreign main proceeding and grant the relief requested herein. The Receiver alternatively requests recognition as a foreign nonmain proceeding and that the Court grant the relief requested herein.

Dated: January 23, 2017     Respectfully submitted,

PRICEWATERHOUSECOOPERS INC.,
as Receiver and authorized foreign representative
of Tartan Controls Corp.

By:     *s/ Chad S. Caby*
Brent R. Cohen, Wyo. Bar No. 5-2008
Chad S. Caby, Wyo. Bar No. 7-5457
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1200 17th Street, Suite 3000
Denver, CO 80202-5855
Tel:     (303) 623-9000
Fax:    (303) 623-9222
E-mail:  bcohen@lrrc.com
         ccaby@lrrc.com

*Attorneys for PricewaterhouseCoopers Inc.,
as Receiver and authorized foreign representative
of Tartan Controls Corp.*

AAAgent Services, LLC
125 Locust St
Harrisburg PA  17101


Advanced Hydraulic and M
1897 Old Field Center Rd
Casper WY  82604


Alsco
3200 Prospector Dr
Casper WY  82604


Armadillo Storage LLC
PO Box 4912
Casper WY  82604


AT&T
PO Box 105414
Atlanta GA  30348-5414


AT&T Mobility
PO Box 6483
Carol Stream IL  60197


Axiom Medical Consulting
4840 W Panther Ck Dr
Plaza 2 Suite 106
The Woodlands TX  77381


Bicofaster Drilling Tools Inc
2107 7th St
Nisku AB  T9E 7Y3
Canada


Black Gold Suites
PO Box 723
Tioga ND  58852

Blue Cross Blue Shield of Wyoming
PO Box 2266
Cheyenne WY  82003-2266

100367869_1

Bubbletight LLC
PO Box 60
Needville TX  77461


Century Link
PO Box 29040
Phoenix AZ  85038-9040


Comfort Inn & Suites
201 W Fox Farm Rd
Cheyenne WY  82007


Drillmax Inc
6735 Theall Rd
Houston TX  77066


Express Employment Professionals
PO Box 203901
Dallas TX  75320-3901


FedEx Freight
PO Box 94515
Palatine IL  60094-4515


Forum Energy Technologies
PO Box 203325
Dallas TX  75320-3325


Hutchinson Real Estate
333 Rose St
Williamsport PA  17701


Industrial Distributors Inc
PO Box 767
Cheyenne WY  82001

MasterCard
PO Box 30131
Tampa FL  33630-3131

100367869_1

Montana-Dakota Utilities
PO Box 5600
Bismarck ND  58506-5600


National Oilwell-Downhole
PO Box 201224
Dallas TX  75320


Charles L Neff
Neff Eiken & Neff PC
PO Box 1526
Williston ND  58802-1526


Norco Inc
PO Box 15299
Boise ID  83715-5299


Parkway Realty Corp
Attn:  Kenneth & Darlene Breon
4283 East Route 973 Hwy
Cogan Station PA  17728


Peak 1 Administration
608 Northwest Blvd Ste 200
Couer d'Alene ID  83814


Pfann Properties LLC
Attn  Irene Pfannenstiel
13410 Granby St
Brighton CO  80601-6959


Phil's Welding Inc
PO Box 261
Lapoint UT  84039


Pitmen Inspection Services
9893 E North Park Ave
Evansville WY  82636

100367869_1

Richard T Reeson
2700 Commerce Place
10155- 102 Street
Edmonton AB  T5J 4G8
Canada


Rocky Mountain Power
1033 NE 6th Ave
Portland OR  97256-0001


Rummel's Oilfield Services
2271 Oil Dr
Casper WY  82604


SourceGas LLC
PO Box 660474
Dallas TX  75266-0474


Stewart Machine & Welding
PO Box 610
Vernal UT  84078


Stone Properties LLC
PO Box 51146
Casper WY  82605-1146


Tartan Completion System
4003 53rd Ave
Edmonton AB  T6B 3R5
Canada


Tioga Partners
PO Box 547
Williston ND  58802-0547


Tioga Partners LLC
c/o The Bank of Tioga, Attn Harlan
PO Box 429
Tioga ND  58852

100367869_1

Verizon
PO Box 28000
Lehigh Valley PA  18002


Verizon Wireless
PO Box 660108
Dallas TX  75266-0108


Voyager Fleet Systems Inc
PO Box 412535
Kansas City MO  64141-2535


Wardwell Water & Sewer District
PO Box 728
Mills WY  82644


Wear Parts Inc
PO Box 2570
Casper WY  82602